UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUL 14 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA.

EMILY M. CROSS,

       Plaintiff,

    v.

SUFFOLK CITY SCHOOL BOARD,

SUFFOLK PUBLIC SCHOOLS,

and

MILTON R. LIVERMAN,
in his capacity as Superintendent of
Suffolk Public Schools,

       Defendants.

CIVIL ACTION NO. 2:11cv88

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the following motions: (1) the plaintiff's, Emily Cross, Motion for Leave to Appeal the court's April 21, 2011, Memorandum Order denying remand ("Motion for Leave"); (2) the defendants', Suffolk City School Board ("Suffolk School Board"), Suffolk Public Schools, and Milton R. Liverman ("Liverman"), Motion to Dismiss ("First Motion to Dismiss"); and (3) the defendants' Motion to Dismiss Count I ("Second Motion to Dismiss"). For the reasons set forth below, the Motion for Leave is **DENIED**; the First Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part; and the Second Motion to Dismiss is **DENIED**, in part, and **GRANTED**, in part.

## I.   Factual and Procedural History

The plaintiff, Emily Cross, has been a licensed school teacher for thirty-seven years.  Since August of 2001, she has been a teacher at the Suffolk Public Schools, and, since 2004, she has been the department chair of Career and Technical Education.  Beginning in 2004, the plaintiff applied on several occasions for the position of assistant principal with the Suffolk Public Schools, but to date, she has not been selected. Rather, vacancies were filled with other individuals who are younger than the plaintiff, and who purportedly "do[] not possess the same significant skills and experience that Cross possesses."  Compl. ¶ 11, ECF No. 1-1.  The plaintiff alleges that "[a]s a direct result of the failure to promote [her] in her employment, [she] has suffered, and will continue to suffer loss earnings, loss of employment related benefits, injury to her professional reputation, and diminished opportunity for promotion and career advancement."  Id. ¶ 12.

On or about November 8, 2007, the plaintiff brought a charge of age discrimination against the defendants with the United States Equal Employment Opportunity Commission ("EEOC"), and on December 16, 2009, the EEOC issued her a notice of right to sue.  On March 16, 2010, the plaintiff filed this action in the Circuit Court for the City of Suffolk, Virginia, alleging parallel violations of the Age Discrimination in Employment Act

2

("ADEA"), 29 U.S.C. § 623(a), and the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-3901. Specifically, the plaintiff alleges that the defendants violated the ADEA and VHRA "in that they implemented and utilized selection procedures for the promotion of individuals to assistant principle positions within the Suffolk Public Schools which treated disparately and disproportionately impacted employees age 40 and older when compared to allegedly similarly qualified and performing younger employees." Compl. ¶¶ 17 and 24. On February 11, 2011, the defendants filed a notice of removal in this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). On March 1, 2011, the plaintiff filed a motion to remand the action to state court. On April 21, 2011, this court denied that motion.

On May 20, 2011, the plaintiff filed the Motion for Leave. On June 3, 2011, the defendants responded in opposition to that motion, and, on June 14, 2011, the plaintiff's reply was filed. On February 18, 2011, the defendants filed the First Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 1, 2011, the plaintiff responded in opposition to that motion, and, on March 7, 2011, the defendants replied. On April 19, 2011, the defendants filed the Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 2, 2011, the plaintiff responded in opposition to that motion, and,

on May 9, 2011, the defendants replied. All of the outstanding motions are ripe for review.

## II. Standard of Review

### A. Motion for Leave

Unless otherwise noted in 28 U.S.C. § 1292, interlocutory orders are only appealable if the court, in said order, states that the district judge is "of the opinion that such order involves [(1)] a controlling question of law [(2)] as to which there is a substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of this litigation." 28 U.S.C. § 1292(b). If the district court does not initially include such language in an order "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3).

"[E]ven if the district judge certifies the order under § 1292(b), the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citations omitted); see 28 U.S.C. § 1292(b) (noting that if the district court properly certifies the order, the prospective

4

appellant must then apply to the court of appeals "within ten days after the entry of the order"). As the drafters of § 1292(b) contemplated a "dual judicial discretion" in such matter, Myles v. Laffitte, 881 F.2d 125, 126 n.2 (4th Cir. 1989), the district courts place a corresponding burden on the party seeking certification. See Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005). Accordingly, interlocutory appeal is granted sparingly.

## B. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must aver "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard is not equivalent to a probability requirement, but the plaintiff must plead more than a "sheer possibility" that she is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the court will accept as true the factual allegations in a

complaint, the court need not accept as true legal conclusions that are couched as factual allegations. See id. at 1949-50.

## III. Analysis

### A. Motion for Leave

The plaintiff asks the court to amend its April 21, 2011, Memorandum Order denying remand to state court in order to include the requisite certification language so that the plaintiff can apply to the Fourth Circuit for an interlocutory appeal. The court declines to do so because its Memorandum Order does not meet the requirements of 28 U.S.C. § 1292(b). Specifically, the court does not find that the there is "a substantial ground for difference of opinion" as to the questions of law resolved therein: (1) whether the absence of an explicit statement in the notice of removal that the removing party complied with 28 U.S.C. § 1446(b)'s timing requirement is fatal to removal notwithstanding the removing party's undisputed compliance with the timing requirement; (2) whether a district court has discretion to allow a removing party to amend its notice of removal more than thirty days after said party was served with the initial pleadings in order to include the state court summons; and (3) whether a district court may permit such an amendment to the notice of removal where the removing party requests said amendment in its response to a motion to remand.

Rather than pointing the court to cases that demonstrate a substantial ground for difference of opinion, the plaintiff cites a case from the Western District of Virginia, King v. Flinn & Dreffein Eng'g Co., 675 F. Supp. 2d 642 (W.D. Va. 2009), in which that court granted a certificate of interlocutory appeal for an order denying the plaintiff's motion to remand.[1] The plaintiff highlights that case for its statement that "the precise interpretation of 28 U.S.C. § 1446(b) is unresolved by the Fourth Circuit." 675 F. Supp. 2d at 646-47. In that case, though, the controlling question of law was "whether the one year limitation on removal in § 1446(b) applies to all diversity actions, or only those not initially removable." Id. at 647. That question is entirely different than the questions addressed in this court's April 21, 2011, Memorandum Order. Accordingly, the plaintiff's citation to that case is inapposite. For the reasons set forth in the court's April 21, 2011, Memorandum Order, and for the reasons stated above, the court FINDS there

---

[1]    The plaintiff also directs the court back to cases cited in its briefs in support of its Motion to Remand. In brief review, the plaintiff cited Cook v. Robinson, 612 F. Supp. 187 (E.D. Va. 1985), on the first question, four cases from three district courts outside the Fourth Circuit on the second question, and Williams v. Wilkerson, 90 F.R.D. 168 (E.D. Va. 1981), on the third question. As recognized in the court's April 21, 2011, Memorandum Order, Cook was wrongly decided and Williams does not support the plaintiff's position on the third question. Moreover, four cases from three district courts outside the Fourth Circuit do not persuade this court that there is a substantial ground for difference of opinion requiring Fourth Circuit guidance on the second question.

7

is not a substantial ground for difference of opinion on any of the questions of law addressed in the court's April 21, 2011, Memorandum Order such that an interlocutory appeal is warranted. Accordingly, the court **DENIES** the Motion for Leave.

## B. First Motion to Dismiss

In the First Motion to Dismiss, the defendants ask the court to dismiss (1) Count I of the Complaint in its entirety against Suffolk Public Schools and Liverman, (2) the claim for liquidated damages in Count I of the Complaint as to all three defendants, and (3) Count II in its entirety as to all three defendants. The court addresses each in order.

### 1. Parties Liable Under the ADEA

In Count I, the plaintiff alleges violation of the ADEA and seeks compensatory damages of up to $100,000 plus $100,000 in liquidated damages, as well as an order compelling the defendants to promote her to the position of assistant principal or to give her front pay and benefits for the period remaining until her planned retirement. The defendants argue that Count I must be dismissed as to Suffolk Public Schools and Liverman because they are not employers under the ADEA, and thus not subject to liability for any purported ADEA violation.[2] The ADEA

---

[2] The Complaint does not describe the role of Liverman in the hiring decisions at issue. Virginia law provides that "[t]he supervision of schools in each school division shall be vested in a school board." Va. Code Ann. § 22.1-28. There is also a

8

provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C § 623(a)(1). An "employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" and "any agent of such a person." Id. § 630(b). Only persons who qualify as employers within the meaning of the ADEA are liable for ADEA violations. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994).

Suffolk Public Schools is not an employer under the ADEA. The Virginia Code authorizes the School Board, not the public schools, to employ teachers and to sue and be sued. See Va. Code Ann. § 22.1-71 (providing that a school board "is declared a body corporate . . . and may sue, be sued, contract, [and] be contracted with"); id. § 22.1-295(A) (providing that "[t]he teachers in the public schools of a school division shall be

---

division superintendent in each school division, id. § 22.1-58, who is appointed by the school board. Id. § 22.1-60(A). Virginia law further provides that "[t]he teachers in the public schools of a school division shall be employed and placed in appropriate schools by the school board upon recommendation of the division superintendent." Id. § 22.1-295(A). Thus, the decisions not to hire the plaintiff as an assistant principal may have involved Liverman to the extent that he makes hiring and promotion recommendations to the Suffolk School Board.

employed and placed in appropriate schools by the school board upon recommendation of the division superintendent" (emphasis added)); see also Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988) (explaining that a college's board of trustees, rather than the college, was the proper defendant in a Title VII action where Maryland statutes designated the board of trustees as an employer, the board of trustees was legally identical to the college, and the board of trustees, unlike the college, was authorized to sue and be sued). As such, the Suffolk School Board, and not the Suffolk Public Schools, is the employer subject to ADEA liability in this case. According, the court **DISMISSES** Count I as to Suffolk Public Schools.

As to Liverman, the law is clear that neither supervisors nor other employees are liable in their individual capacities for ADEA violations.   See  Birkbeck,  30  F.3d  at  510.[3] Accordingly, the defendants are correct that the plaintiff cannot maintain an ADEA claim against Liverman in his individual capacity.   This point is irrelevant, though, as the Complaint specifies   that   Liverman   is   sued   in   his   capacity   as Superintendent of the Suffolk Public Schools.   See, e.g., Compl.

---

[3]    The inclusion of the term "agent" in the ADEA's definition of   employer   is   "an   unremarkable   expression   of   respondeat superior—that   discriminatory   personnel   actions   taken   by   an employer's   agent   may   create   liability   for   the   employer." Birkbeck, 30 F.3d at 510 (citations omitted).

¶ 4 (stating that Liverman "is named solely in his official capacity"). Nevertheless, the plaintiff may not maintain her ADEA claim against Liverman in his official capacity because it is duplicative of her claim against the Suffolk School Board. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). The Supreme Court has explained that while individual capacity suits seek to impose personal liability on an individual, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks and citations omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. at 166.

In the instant case, the Suffolk School Board received notice and was afforded an opportunity to respond. Thus, Count I is, for all intents and purposes, a claim against the Suffolk School Board.[4] See Pl.'s Mem. in Opp. to First Mot. to Dismiss 7, ECF No. 7 (conceding that "there will be one 'employer' subject to damages to Cross for her employer's discriminatory actions"). Accordingly, the court **DISMISSES** Count I as to Liverman, while recognizing that his actions in his official

_____

[4]    See supra notes 2 and 3.

11

capacity as Superintendent of Suffolk Public Schools may be imputable to the Suffolk School Board under the ADEA.[5]

## 2. Liquidated Damages Under the ADEA

The defendants next argue that the plaintiff cannot recover liquidated damages on Count I because Suffolk School Board "is a government entity and thus exempt from punitive damages." Defs.' Mem. in Supp. of First Mot. to Dismiss 6, ECF No. 4. The defendants point out that "'[t]he general rule today is that no punitive damages are allowed [against municipalities] unless expressly authorized by statute,'" Cook County v. United States ex rel. Chandler, 538 U.S. 119, 129 (2003) (quoting Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 n.21 (1981)), and that "Congress intended for [the ADEA's] liquidated damages to be punitive in nature." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125 (1985). Defendants then argue that nothing in the ADEA expressly authorizes punitive damages against municipalities. The defendants' interpretation of the ADEA is incorrect.

The ADEA provides that "a State or political subdivision of a State and any agency or instrumentality of a State or political subdivision of a State" is an employer under the ADEA, 29 U.S.C. § 630(b), and explicitly authorizes liquidated damages against ADEA employers for "willful violations." Id. § 626(b).

_____

[5]    See supra note 3.

12

The defendants seek to circumvent this dispositive truth with a semantic argument: an authorization of "liquidated" damages is not an authorization of "punitive" damages. In other words, the defendants ask the court to ignore clear Congressional intent that a municipality that willfully violates the ADEA be subject to punitive damages in the form of liquidated damages on the basis that Congress did use the word "punitive" in its authorization. The court will not frustrate Congressional intent with an illusory distinction that is belied by the very case the defendants cite in support of their argument. See Trans World, 469 U.S. at 125 (noting that Congress intended for the liquidated damages it authorizes in the ADEA to be punitive).[6] The court **DENIES** the First Motion to Dismiss the claim for liquidated damages in Count I.

### 3. VHRA Claims

The defendant's final argument in the First Motion to Dismiss is that Count II must be dismissed as to all of the defendants. The defendants argue that Count II should be

---

[6] Although the Fourth Circuit has not ruled on this issue, other circuits have found that the ADEA authorizes liquidated damages against government employers. See, e.g., Cross v. N.Y. City Transit Auth., 417 F.3d 241, 254-57 (2d Cir. 2005); Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 372-73 (3d Cir. 2004); Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246, 1253 (5th Cir. 1995); Lee v. Rapid City Area Sch. Dist. No. 51-4, 981 F.2d 316, 319-20 (8th Cir. 1992) (en banc); Orzel v. City of Wauwatosa Fire Dep't, 697 F.2d 743, 758-59 (7th Cir. 1983).

13

dismissed as to Suffolk Public Schools and Liverman because neither one is the plaintiff's employer and as to Suffolk School Board because it employs more than fifteen employees. For these, and other grounds set forth below, the court agrees that Count II must be dismissed as to all three defendants.

The VHRA creates a limited private cause of action. Va. Code Ann. § 2.2-2639(A) (providing that the VHRA only creates a "private right of action to enforce its provisions [] as specifically provided in subsections B and C); see Blankenship v. City of Portsmouth, 372 F. Supp. 2d 496, 500-01 (E.D. Va. 2005) (describing a cause of action under the VHRA). Virginia Code section 2.2-2639(B) prohibits an employer with more than five but less than fifteen employees from discharging an employee based on age, if the employee is 40 years old or older. Section 2.2-2639(C) sets forth the administrative prerequisites for bringing a civil action.

In this case, the plaintiff cannot maintain her VHRA claim against the Suffolk Public Schools and Liverman because only persons who are employers are liable under the VHRA, see Collins v. Franklin, 142 F. Supp. 2d 749, 751 (W.D. Va. 2000), and, for the reasons already stated, those two defendants are not employers.[7] In any event, the plaintiff cannot maintain her VHRA

_____

[7]     See supra Part III.B.1.

14

claim against any of the defendants because this case does not involve the discharge of an employee. See Va. Code Ann. § 2.2-2639(B) & (C); Wynne v. Birach, No. 1:09cv15, 2009 WL 3672119, at *2 (E.D. Va. Nov. 3, 2009); Huizenga v. Am. Int'l Auto. Dealers Ass'n, No. 1:05cv264, 2005 WL 3132451, at *9 (E.D. Va. Nov. 22, 2005) (explaining that "the [VHRA] applies only where there has been a discharge" (citations omitted)). Moreover, the plaintiff cannot pursue a remedy under the VHRA against the Suffolk School Board because it has more than fifteen employees. See Ex. A to Defs.' Mem. in Supp. of First Mot. to Dismiss, ECF No. 4-1 [hereinafter "EEOC Charge"] (indicating on the plaintiff's Charge of Discrimination form that her employer has 500 or more employees); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." (internal quotations marks and citations omitted)); see also Wells v. BAE Sys. Norfolk Ship Repair, 483 F. Supp. 2d 497, 512 (E.D. Va. 2007). Accordingly, Count II fails as a matter of law and is **DISMISSED**.

## C.    Second Motion to Dismiss

Two months after the defendants brought the First Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), they brought the Second Motion to Dismiss, raising two new defenses to Count I of the Complaint, purportedly pursuant to Rule 12(b)(6):    (1) "Plaintiff's claim of disparate impact in violation of the ADEA must be dismissed as plaintiff failed to exhaust her administrative remedies with regard to this claim," Second Mot. to Dismiss 6, ECF No. 12, and (2) "Cross has failed to state a plausible claim for relief based on a disparate impact claim under the ADEA."    Id. at 9.    The defendants frame the first defense in terms of a failure to state a claim, but applicable law counsels that a failure to exhaust administrative remedies is a failure to satisfy "a jurisdictional prerequisite to a private cause of action."    Vance v. Whirlpool Corp., 707 F.2d 483, 488 (4th Cir. 1983); see Jones v. Calvert Grp, Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009) (remarking that "a failure to exhaust administrative remedies concerning [an ADEA] claim deprives the federal courts of subject matter jurisdiction over the claim" (citing Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995))).    The court must always consider a defense that concerns its subject matter jurisdiction.    See, e.g., Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

16

<u>time</u> that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).

The second defense is correctly framed as a failure to state a claim, but it is incorrectly raised. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). There is no indication in the Second Motion to Dismiss that the second defense was unavailable to the defendants at the time they filed the First Motion to Dismiss, nor that the exceptions set forth in Federal Rule of Civil Procedure 12(h)(2) and (3) apply.[8] Although the plaintiff does not object that the defendants raise a non-jurisdictional defense they did not include in the First Motion to Dismiss, the court is of the opinion that it cannot entertain a successive 12(b)(6) motion without overriding Rule 12(g). <u>See Patterson v. Whitlock</u>, 392 F. App'x 185, 192 (4th Cir. 2010) ("[S]ince the Federal Rules

---

[8]    Rule 12(h)(2) provides that a party may raise the defense of failure to state a claim upon which relief can be granted "in any pleading allowed or ordered under Rule 7(a); [] by motion under Rule 12(c); or [] at trial." Here, the defendant raised that defense in a motion under Rule 12(b), thus, Rule 12(h)(2) is inapplicable. Rule 12(h)(3) states, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The second defense is non-jurisdictional, thus Rule 12(h)(3) is also inapplicable.

were first adopted in 1938, they have barred a defendant from interposing successive motions raising certain 12(b) defenses . . . if the defense was previously available to the defendant."); see also Legal Additions LLC v. Kowalski, No. C-08-2754, 2010 WL 335789, at *2 (N.D. Cal Jan. 22, 2010). Accordingly, the court **DENIES** the second defense in the Second Motion to Dismiss as procedurally barred.[9]

The court turns back to the defense that Cross failed to exhaust her administrative remedies with regard to her claim of disparate impact in Count I, because her EEOC charge did not include such a claim or any facts supporting one. Before bringing a civil action under the ADEA, a plaintiff must file a charge of discrimination with the EEOC. See 29 U.S.C. § 626(d)(1); Jones, 551 F.3d at 300. The charge must contain "a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3) (citations omitted). Such statement should be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id.

---

[9]     The court does not find that the defendants waived that defense, see Fed. R. Civ. P. 12(h)(1); In re Morrison, 421 B.R. 381, 387-89 (Bankr. S.D. Tex. 2009), and thus they could raise it "in any pleading allowed or ordered under Rule 7(a); [] by motion under Rule 12(c); or [] at trial." Fed. R. Civ. P. 12(h)(2). However, as the court dismisses the disparate impact claim in Count I for failure to exhaust administrative remedies, see infra 18-22, any such defense would be moot.

§ 1601.12(b). "[A] claim may be maintained in an employee's employment discrimination suit only if there is a sufficient connection between the claim and the employee's EEOC charge." McIntyre-Handy v. APAC Customer Servs., Inc., 422 F. Supp. 2d 611, 624 (E.D. Va. 2006) (citations omitted). "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit.'" Jones, 551 F.3d at 300 (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)).

The particulars of plaintiff's EEOC Charge are, in full, as follows:

I. On multiple occasions from 2006 and as recently as July 31, 2007, I have applied for the position of Assistant Principal. Most recently on August 31, 2007, I became aware that I was denied an interview thus not selected for the position. On each occasion the position was given to younger individuals who had less experience or were lesser qualified than me. I have been employed with this organization since August 2001 and my current position is Teacher Coordinator and Department Chairperson of Career and Technical Education.

II. No one has given me any reasons why I have not been interviewed or selected for the Assistant Principal positions.

III. I believe I am being discriminated against because of my age, 58, in violation of the [ADEA] and the [VHRA].

The defendants highlight that the EEOC charge does not state that the plaintiff's employer utilized any discriminatory policies or procedures in violation of the ADEA, and, thus, they argue that the EEOC Charge does not make a claim of disparate impact, but rather merely asserts a claim of disparate treatment.[10] The court agrees. Here, the plaintiff's EEOC charge alleges that her age played a role in her not being selected for an assistant principal position. Although that allegation relates to a disparate treatment claim, see Merritt v. WellPoint, Inc., 615 F. Supp. 2d 440, 445 (E.D. Va. 2009) (noting that a disparate treatment claim is appropriate when "the employee's age played a role in the employer's decision-making process and had an influence on the outcome" (citations omitted)), it is insufficient to support a disparate impact claim. "[I]f the factual foundation in the administrative charge is too vague to support a claim that is later presented

_____

[10] The plaintiff does not contest this argument, stating that "Cross has not alleged a claim for age discrimination based on disparate impact and therefore will not address the defendant's argument on this point." Pl.'s Mem. in Opp. to Second Mot. to Dismiss 4 n.2, ECF No. 15. While the Complaint does contain an ADEA claim on the basis that "[t]he Defendants . . . implemented and utilized selection procedures . . . which treated disparately and disproportionally impacted employees age 40 and older," Compl. ¶ 17 (emphasis added), plaintiff has indicated in her briefing that she is not pursuing this claim. See Pl.'s Mem. in Opp. to Second Mot. to Dismiss 4 n.2. In any event, she did not exhaust her administrative remedies on the claim. See infra 20-22.

in subsequent litigation, that claim will [] be procedurally barred." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (citations omitted).

"An essential element of a disparate impact claim is the presence of a 'facially-neutral employment practice' that as implemented treats protected groups of people worse than others." Padron v. Wal-Mart Stores, Inc., -- F. Supp. 2d. --, 2011 WL 1760229, at *6 (N.D. Ill. May 9, 2011) (citing Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003)); see Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 265 (4th Cir. 2005). This court is of the opinion that to bring a disparate impact claim, a plaintiff's EEOC charge must, at a minimum, identify a facially neutral policy that has a disparate impact on a protected group of which the plaintiff is a member and/or facts supporting a reasonable inference of one.[11] Cf. Iqbal, 129 S. Ct. at 1949. The plaintiff's EEOC charge does not complain of a specific hiring and/or promotion policy, nor does it allege any facts that reasonably suggest a policy disparately impacting

---

[11]    Although the Fourth Circuit has not ruled on this issue, other courts share this view. See, e.g., Pacheco v. Mineta, 448 F.3d 783, 790-92 (5th Cir. 2006); Padron, 2011 WL 1760229, at *6-7; Greater Indianapolis Chapter of NAACP. v. Ballard, 741 F. Supp. 2d 925, 938-39 (S.D. Ind. 2010); Young v. Covington & Burling LLP, 736 F. Supp. 2d 151, 157-58 (D.D.C. 2010); Leo v. Garmin Int'l, No. 09-cv-2139, 2009 WL 3122502, at *5 (D. Kan. Sept. 24, 2009); Woodman v. WWOR-TV, Inc., 293 F. Supp. 2d 381, 390 (S.D.N.Y. 2003). But see Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998).

persons of her age. Rather, the only claim reasonably related to her EEOC narrative is a disparate treatment claim.[12] Because the plaintiff's disparate impact claim is not within the scope of her EEOC charge, the plaintiff has not exhausted her administrative remedies and cannot bring such a claim in this court. Accordingly, the court **GRANTS** the first defense in the Second Motion to Dismiss.

## IV. Conclusion

For the reasons stated above, the plaintiff's Motion for Leave is **DENIED**. The First Motion to Dismiss is **GRANTED** as to defendants Suffolk Public Schools and Liverman, **DENIED** as to the claim for liquidated damages in Count I, and **GRANTED** as to Count II. Accordingly, this action is **DISMISSED** as to Suffolk Public Schools and Liverman, and Count II of the Complaint is **DISMISSED** as to the Suffolk School Board. The Second Motion to Dismiss is **DENIED**, as to the failure to state a claim defense, and **GRANTED**, as to the exhaustion of administrative remedies defense on the

---

[12]    The defendants also overlook or ignore the content of the Complaint, see supra note 10, by asserting that "the only claim that has been articulated by Plaintiff in the Complaint is a claim of disparate impact in violation of the ADEA." Defs.' Reply in Supp. of Second Mot. to Dismiss 2, ECF No. 16; see Compl. ¶ 17; id. ¶ 19 ("Age was a motivating factor and/or made a difference in the failure to promote the plaintiff."). As an aside, "[a] plaintiff is permitted to present both disparate treatment and disparate impact as claims for relief in the same case." Merritt, 615 F. Supp. 2d at 445 (citing Burwell v. E. Air. Lines, 633 F.2d 361, 369 (4th Cir. 1980)).

disparate impact claim. This action will go forward between the plaintiff and defendant Suffolk School Board on Count I on a claim of disparate treatment,[13] with a claim of liquidated damages.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 14, 2011

---

[13]    See supra note 12.